The parties duly waived trial by jury, and consented for the court to hear and determine all questions of law and fact. Pursuant thereto, the court heard the testimony and found the following facts:
The plaintiffs, W. J. Ellington, L. H. Royster, and B. F. Park, doing business under the firm name and style of Ellington, Royster Co., in the city of Raleigh, N.C. on 5 July, 1887, entered into a contract, in writing, with the defendant, the Board of Commissioners of Durham County, whereby they undertook to erect, in the town of Durham, in said county, a public courthouse, in accordance with certain plans and specifications therein referred to. A copy of said contract is hereto attached, marked Exhibit "A." That as a part of said plan and specifications it was provided that certain plumbing and piping were to be placed in said courthouse; that said Ellington, Royster Co. contracted with Goodwin Co. to do the said plumbing and piping, and the said Goodwin Co. transferred their said contract to the plaintiff H. N. Snow, and on 26 October, 1888, the said H. N. Snow transferred the said contract to J. C. Brewster, of Raleigh, N.C. A copy of (337) said transfer is hereto attached, marked Exhibit "B." Goodwin Co. were to receive for said plumbing and piping the sum of $1,200 from the said Ellington, Royster Co. Goodwin Co. and H. N. Snow had, for the purpose of completing said work, purchased certain material, which they transferred to said J. C. Brewster, together with some tools, etc. In considerations of the said assignment and the said material and tools, etc., the said J. C. Brewster, on 26 October, 1888, executed to the plaintiff H. N. Snow his promissory note for $694.46, to be due 15 January, 1889. Said Ellington, Royster Co. had notice of, and assented to, the assignment to said J. C. Brewster. There was an agreement, made after the execution of the note, on the part of said J. C. Brewster, with said H. N. Snow, that the said note should be paid out of the money coming to him from the commissioners of Durham on *Page 266 
account of the plumbing and piping of the said courthouse. Ellington, Royster Co. had notice of, and assented to, this agreement. The said Ellington, Royster Co. having a claim against the plaintiff H. N. Snow on account of some work — work included in said contract — for $38, the said H. N. Snow, on 11 December, 1888, endorsed the said note to them, with the agreement, made on said day, that they were to receive the money therefor from said amount due Brewster from said work, and, after deducting said sum, pay the balance to the said H. N. Snow, and said J. C. Brewster was a party to this said agreement.
The defendant board of commissioners were notified of the plaintiffs' claim and the agreement between J. C. Brewster, Ellington, Royster Co., and the plaintiff on 1 April, 1889, after the said courthouse and said plumbing and piping had been completed. The said plumbing (338) and piping was the last work done on said courthouse.
James Robertson, trading under the firm name and style of James Robertson Co., of the city of Baltimore, Md., between 6 November, 1888, and the 23d of said month, furnished to the said J. C. Brewster plumbing and piping material, which were used by the said Brewster in and on account of the said courthouse, of the value of $904.08, which sum said Brewster failed to pay the said James Robertson Co. The said James Robertson Co., on 19 December, 1888, filed in the office of the clerk of the Superior Court of Durham County notice of lien on said courthouse and all unpaid balance due or to become due from the Board of Commissioners of Durham County to said Ellington, Royster Co., and from Ellington, Royster Co. to Goodwin Co., or to H. N. Snow, surviving partner of said Goodwin Co., or to J. C. Brewster as subcontractor, . . . to an amount sufficient to pay the aforesaid bills for material, amounting to $904.08. (See Lien Book, Lien No. 178.) A copy of said lien is hereto attached, marked Exhibit "C." The defendant board paid to the said Ellington, Royster Co. all of the contract price for building said courthouse, except $86, which was the balance due J. C. Brewster on account of the plumbing and piping.
On 1 April, 1889, the defendant board of commissioners notified Messrs. Ellington, Royster Co., James Robertson Co., J. C. Brewster and the plaintiff H. N. Snow that they were ready to pay said sum to whomsoever it might be lawfully due, and the said parties, in (339) person and by their attorneys, appeared before said board and asserted their respective claims to said sum. The said Ellington, Royster Co. and plaintiff H. N. Snow protested against the payment of said sum to any one save themselves, and the said James Robertson Co., by their attorney, W. A. Guthrie, claiming said sum by virtue of the aforesaid lien, the defendant board of commissioners thereupon notified *Page 267 
the said parties claiming said sum that they would leave the said sum in the hands of the treasurer of the county for a reasonable length of time, until the parties claiming the same should establish their right thereto by the judgment of some competent court. No action was instituted to have the right of either of said parties to said sum adjudicated, and on 3 June, 1889, the defendant board of commissioners paid the sum over to W. A. Guthrie, attorney for James Robertson, in the discharge of the aforesaid lien. The plaintiffs have demanded the payment of so much of said sum as is necessary to discharge the said note and interest thereon, and the defendants have refused to pay the same. The plaintiffs thereupon, on 27 December, 1890, instituted this action to recover the said amount.
The court, upon the forgoing facts, adjudged that the plaintiffs recover of the defendant board of commissioners, for the use of the plaintiff, H. N. Snow, the sum of $694.48, with interest thereon from 15 January, 1886, together with the cost in this behalf expended, to be taxed by the clerk. The defendants excepted and appealed.
The material parts of Exhibits "A," "B" and "C" referred to in case on appeal are as follows:
Exhibit A. — Articles of agreement between Ellington, Royster Co. and the board of commissioners of Durham County, in which it is stated that the former will in a workmanlike manner build and finish a courthouse in the town of Durham, according to plans and (340) specifications made a part of this contract, and that they are to furnish all material and labor; and the said commissioners agree to pay therefor $19,900, in certain installments mentioned, etc.
Exhibit B. — The contract was transferred to J. C. Brewster, who agreed to carry out fully all work required of Goodwin Co., in fulfillment of the contract, and to receive all payment for same (this was the contract made between Goodwin Co., of Durham, and Ellington, Royster Co., the same being signed by H. N. Snow for Goodwin Co., and by J. C. Brewster).
Exhibit C. — Baltimore, 1 December, 1888. James Robertson Co. in account with J. C. Brewster. This account shows the material furnished for plumbing, etc., in said courthouse, amounting in the aggregate to $904.08. Robertson Co. subsequently filed a lien for said materials against Brewster, Goodwin Co., Ellington, Royster Co. and the board of commissioners of Durham County to secure payment of said $904.08, the said lien being filed upon the said new courthouse building and the lot and premises on which the same is situated and being erected, together with his claim for a lien as a material man upon all unpaid balances due from the said board of commissioners from Ellington, Royster Co., and from Ellington, Royster Co. to *Page 268 
Goodwin Co., or to H. N. Snow, surviving partner of Goodwin Co., or to J. C. Brewster as a subcontractor as aforesaid, or to John Devereux, Jr., trustee of Brewster, under a certain deed of assignment from Brewster to Devereux, and registered in the county of Wake, to an amount sufficient to pay said Robertson Co. the above sum for materials furnished as aforesaid.
We find no error in the judgment from which the defendants have appealed.
By the terms of the contract between the plaintiffs, Ellington, Royster Co., and the defendant board of commissioners the latter were bound to pay to said plaintiffs the price agreed upon for the building of the courthouse. So far as appears they have never waived their rights to any part of this sum, nor consented that the commissioners should pay to any other person what was due to them upon the completion of the work they had agreed to do. A portion of their work was the "plumbing and piping," which was done by J. C. Brewster, not for defendants or on their credit, but for Ellington, Royster Co., and on their credit. The defendants have never owed Brewster any money for that work. The relation of debtor and creditor has not existed between them. But that relation did exist between Brewster and Ellington, Royster Co. by virtue of the subcontract made by them for the "plumbing and piping" with Goodwin Co., and by them assigned to Snow, and by him assigned to Brewster. It was entirely competent for Ellington, Royster Co., the debtor, and Brewster, the creditor, to agree that Snow should receive a certain part of the money to become due from them to Brewster. No third party had acquired any lien on the fund. And no one now can complain because Ellington, Royster Co. agreed to pay to Snow a certain portion of the money to become due to Brewster, the amount so to be paid being evidenced by a note given by Brewster to Snow, or because Brewster agreed to accept the difference between the contract price of the "plumbing and piping" and the sum so to be (342) paid Snow in full satisfaction of his demand against Ellington, Royster Co. The effect of the arrangement between these parties was as if Brewster had drawn a draft on Ellington, Royster Co. in favor of Snow for the sum mentioned in the note, to be paid out of the contract price, and Ellington, Royster Co. had accepted the draft.
If the agreement between Snow and Brewster as to the manner of the payment of the note, to wit, out of the fund to be in the hands of Ellington, *Page 269 
Royster Co., had not been assented to by them, it would have been in effect as if a draft had been drawn as above stated and Ellington, Royster Co. had not accepted it, and there might have been presented to our consideration the question whether or not the agreement between Brewster and Snow amounted to an assignment by the former to the latter of the sum named in the note out of the total sum in the hands of Ellington, Royster 
Co. But we have here no controversy between the holders of the fund, Ellington, Royster Co., and the claimant to a part of it, Snow. They admit their agreement with Snow and their liability thereon and only insist that their debtors, the defendants, shall pay what is due them under the original contract so as to enable them to carry out their agreement with Brewster and Snow. To this recovery Robertson Co. have no right to object. They are creditors of Brewster and of Brewster alone, and by no action of theirs or of Brewster's can they recover of his debtor more than is due him under the agreement in force when their claim against him for materials originated, and that, as we have seen, was the difference between the contract price of the plumbing and piping and the sum which Ellington, Royster Co. had agreed to pay to Snow for Brewster, and that sum they have received and may retain without objection on the part of the plaintiffs.
Nor can the defendants defeat the recovery of plaintiffs by showing that they have paid the sum sued for to Robertson Co. (343) in order to discharge their alleged lien, for, in the first place, a courthouse cannot be made subject to any lien for labor or materials, and, in the second place, if it be conceded that the lienors acquired thereby a lien on the money due from defendants to Ellington, Royster Co., or on the money due from Ellington, Royster Co. to Brewster, still the limit of their lien was the net amount due Brewster after deducting what they had assumed to pay to Snow.
AFFIRMED.
Cited: Satterthwaite v. Ellis, 129 N.C. 71; Gastonia v. EngineeringCo., 131 N.C. 362; Hardware Co. v. Graded School, 150 N.C. 681; Hall v.Jones, 151 N.C. 424; Hardware Co. v. Schools, ib., 509; Hutchinson v.Comrs., 172 N.C. 845. *Page 270