## FARMERS & MERCHANTS STATE BANK OF PRESTON v. S. J. GROVES & SONS COMPANY.[1]

June 11, 1926.

No. 25,421.

**Bank financing subcontractor on road work entitled to 90 per cent of final estimate.**

1. The plaintiff bank financed a contractor who took from the original contractor an assignment of a road contract with the defendant county at 90 per cent of the contract price. The assignee or subcontractor gave an order upon the original contractor to pay all money coming to him to the plaintiff, the order was accepted by the contractor, and so accepted was filed with the county auditor. The bank advanced more than it received under the assignment plus the final estimate remaining unpaid by the county at the completion of the contract. The court correctly gave the plaintiff 90 per cent of such final estimate as against the claim of the original contractor thereto.

**Motion to amend conclusions of law not appealable.**

2. An order denying a motion to amend the conclusions of law is not appealable.

Appeal and Error, 3 C. J. p. 475 n. 57.
Assignments, 5 C. J. p. 927 n. 88.

Action in the district court for Fillmore county to determine who was entitled to a sum of money due from the county on a road contract. The matter was heard by Peterson, J., who ordered judgment

[1]Reported in 210 N. W. 37.

in favor of plaintiff and defendant, respectively, as stated in the opinion. S. J. Groves & Sons Company appealed from an order denying its motion for a new trial. Farmers & Merchants State Bank of Preston appealed from an order denying its motion to amend the conclusions of law. Affirmed on defendant's appeal; dismissed on plaintiff's appeal.

*Hopp & Larson*, for plaintiff bank.

*James C. Melville*, for defendant company.

DIBELL, J.

The plaintiff sued S. J. Groves & Sons Company, county of Fillmore and G. W. Humphrey. Only the Groves company appears. The controversy is between the plaintiff and the defendant Groves company over the final estimate of $3,272.11 remaining in the hands of the county upon the completion of a road contract between the county and the Groves company and by the latter assigned or sublet to Humphrey. The court gave the plaintiff $2,944.90 and the Groves company $327.21, which made the total unpaid estimate of $3,272.11. The defendant Groves company appeals from the order of the court denying its motion for a new trial, and the plaintiff appeals from the order denying its motion to amend the conclusions of law so as to give it the full $3,272.11.

1. On March 20, 1923, the Groves company entered into a contract with Fillmore county for the construction of a state road. On the same day it assigned or sublet the contract to the defendant Humphrey at 90 per cent of the contract price.

The plaintiff undertook to finance Humphrey. To obtain necessary credit Humphrey delivered to it an order upon the Groves company to pay all money to become due him under the contract. This order was accepted by the Groves company, and the order and the acceptance were filed with the county auditor. The bank advanced more than it received under the order of Humphrey accepted by the Groves company plus the amount of the final estimate.

The facts stated are found by the court. We find no need to discuss the sufficiency of the evidence to sustain them nor are there rulings on evidence requiring attention.

The facts stated are controlling and the case presents no difficulty. The plaintiff took the assignment of moneys coming to Humphrey under the Groves assignment and financed Humphrey. It was entitled to 90 per cent of the money up to the amount of its advances. It has received less and will still have less when given the final estimate of $3,272.11. On no theory can the Groves company assert a legal claim or equity superior thereto. We note New Amsterdam Cas. Co. v. Wurtz, 145 Minn. 438, 177 N. W. 664; Ganley v. City of Pipestone, 154 Minn. 193, 191 N. W. 738; Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291; Standard Oil Co. v. Remer, supra, page 352. They are not necessary to the decision of this case nor directly applicable. In no way can the Groves company, after assenting to the assignment of the proceeds of the Humphrey contract [in order that the plaintiff finance him], claim the money by a right superior to the plaintiff.

[Words in brackets eliminated by order printed below.]

2. The order of the court, from which the plaintiff appeals, denying its motion to amend its conclusions of law so as to give it the $327.21 additional, is not appealable. Shepard v. Petit, 30 Minn. 119, 14 N. W. 511; Savings Bank v. St. Paul Plow Co. 76 Minn. 7, 78 N. W. 873; Clark v. Thorpe Bros. 117 Minn. 202, 135 N. W. 387.

The order from which the defendant Groves company appeals is affirmed. The appeal of the plaintiff is dismissed.

On July 26, 1926, the petition for reargument was denied in the following order:

In its motion for reargument the defendant calls attention to the last sentence of paragraph 1 of the opinion stating that the plaintiff could not "after assenting to the assignment of the proceeds of the Humphrey contract, in order that the plaintiff finance him, claim the money by a right superior to the plaintiff."

There is no finding and no direct evidence that the plaintiff knew of the purpose of the assignment, though it seems quite improbable that it did not. The phrase, "in order that the plaintiff finance him," is eliminated. There is now no inaccuracy of statement. The result is not changed. There is no question but that the pur-

pose of Humphrey in making the assignment was to get the bank to finance him, and that induced by it the bank did so, and with the situation so the right of the bank is superior. No different result could be reached.

The point made that the evidence does not show that amount of money expended on the particular road contract was involved and considered in reaching our decision and does not call for further mention.

Petition for reargument denied.