# BANKERS NATIONAL BANK v. ROYAL INDEMNITY COMPANY.[1]

October 14, 1927.

No. 26,090.

**Contractor cannot assign whole fund after he has accepted his subcontractor's assignment of part of it.**

A contractor who accepts and consents to partial assignment of the fund his subcontractors are to earn in the performance of their contracts cannot thereafter make a valid assignment of the whole of the amount he earned in the performance of his contract; that part of the fund to the assignment of which he consented and accepted in equity and good conscience belongs to the assignee.

Assignments, 5 C. J. p. 895 n. 16; p. 896 n. 22; p. 937 n. 65.

Plaintiff appealed from an order of the district court for Hennepin county, Leary, J., denying its motion for a new trial. Reversed.

*Grimes & Maxwell,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

HOLT, J.

Plaintiff sued for money had and received. When plaintiff rested the cause was dismissed on defendant's motion. Plaintiff appeals from the order denying a new trial.

John F. Cramer, doing business under the name of the Cramer Construction Company, in September, 1922, entered into two contracts with the state highway department for the construction of separate portions of highway No. 8 near Crookston. Defendant became surety on his bond. At about the same time Cramer sublet the graveling on each contract to O'Connor and Hunt, who were young men with no means to proceed with the work. One Edward F. Berkner agreed to assist by selling them eight trucks and ad-

[1] Reported in 215 N. W. 674.

vancing some money to get them started. They gave their promissory notes to Berkner for $16,000 for the trucks, and assigned 70 per cent of the money to be earned under their graveling contract as security. Cramer was present and knew of the arrangement made, and in writing "accepted" the written assignment of these earnings. O'Connor and Hunt completed one contract, thereby earning something over $8,000, and partly finished the other when they either quit or were driven from the job by Cramer. Thereafter Cramer gave an assignment of the money coming to him on these road contracts to defendant, purporting therein to cancel prior assignments. Berkner's assignment as well as defendant's was filed with the state highway department. The department paid the money earned on Cramer's contract to defendant. This, of course, included the money that was to pay the 70 per cent of the earnings of O'Connor and Hunt, assigned by them to Berkner, accepted or assented to by Cramer.

It is true that technically viewed the funds or amount due from the highway department under Cramer's contracts are not the same chose in action as the funds or amount due from Cramer to O'Connor and Hunt on the graveling contracts. But after Cramer, on Berkner's agreement to supply O'Connor and Hunt with the means to perform their contracts with Cramer, had accepted or consented to an assignment of 70 per cent of what was to be earned on the graveling contracts, in equity and good conscience that money when earned could not be assigned by Cramer to another who had notice thereof, so that such other could retain that money as against Berkner or plaintiff, his assignee. The legal result of what occurred between Cramer, his subcontractors O'Connor and Hunt, and Berkner was an assignment of 70 per cent of the gross earnings of O'Connor and Hunt out of the amount Cramer was to receive from the state highway department. The funds involved were to be realized from Cramer's contracts, of which O'Connor's and Hunt's were a part. We think Farmers & Mer. State Bank of Preston v. S. J. Groves & Sons Co. 167 Minn. 511, 210 N. W. 37, indicates that plaintiff made a prima facie case, and defendant should have been put to its defense.

If defendant, because of its obligation as Cramer's surety disbursed the money received in payment of claims for material and labor which O'Connor and Hunt should have paid, there can be no recovery. At this stage of the case no intimation can be made as to the rights of plaintiff or defendant in respect to disbursements by defendant on claims for labor and material on Cramer's contracts other than the graveling subcontracts.

The order is reversed.