TRAVELLERS INSURANCE COMPANY, MOORE LIME COMPANY, W. G. JAMES, L. J. POISSON AND OTHERS, RECEIVERS OF THE CITIZENS BANK AND TRUST COMPANY, VENDOR SLATE COMPANY, B. MIFFLIN HOOD BRICK COMPANY v. T. F. BOYD, AND THE COUNTY BOARD OF EDUCATION OF NEW HANOVER COUNTY.

(Filed 2 November, 1927.)

1. **Mechanics' Liens—Municipal Corporations—Schools—Public Buildings —Contracts—Equitable Assignments — Principal and Surety — Material—Laborers.**

Where a contractor for the construction of a municipal building has abandoned his contract, and the surety on his bond has obligated to pay for the materials used in the building and the laborers thereon, and the contractor has been paid in full up to the time of his abandonment, and the contractor has borrowed money from a bank secured by an order on

the funds due him by the municipality when nothing was due: *Held*, the surety assuming to complete the contract is entitled to the balance of the funds in the hands of the municipality, regarding the order as an equitable assignment of the contractor's rights, as against the claim of the bank therefor.

2. **Same—Insurance—Indemnity Bonds—Premiums.**

Where the contractor for a municipal building has taken out policies of indemnity against loss for personal injuries to his employees and others not required by his contract with the municipality, applicable to all buildings he was then erecting, and has defaulted in the completion of his contract, and the surety on his bond with the municipality has taken it over for completion: *Held*, the surety on the contractor's bond with the municipality is entitled to the balance due on the building as against an unpaid premium due the indemnity company.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff, Travellers Insurance Company, and by defendant, T. F. Boyd, from *Bond, J.,* at April Term, 1927, of NEW HANOVER. Reversed in appeal of defendant, T. F. Boyd, and affirmed in appeal of plaintiff, Insurance Company.

Action by creditors of an insolvent contractor to recover of the surety on his bond for materials furnished by said creditors to the contractor for the construction of the high school building in the city of Wilmington. Plaintiffs, receivers of Citizens Bank and Trust Company, also demand judgment that they recover of the board of education of New Hanover County, upon an order, in writing, executed by the contractor, prior to his default, for the payment of money to said Trust Company, upon their contention that said order is an equitable assignment of money due or to become due by the board of education to said contractor.

The action was heard upon exceptions to the report of the referees. From judgment rendered plaintiff, Travellers Insurance Company, and defendant, T. F. Boyd, appealed to the Supreme Court.

*Isaac C. Wright for Travellers Insurance Company and Poisson and Shepard, receivers.*
*E. K. Bryan for T. F. Boyd.*

CONNOR, J. On or about 9 December, 1919, the board of education of New Hanover County entered into a written contract with the Liberty Engineering and Construction Company, a corporation, for the construction of a building in the city of Wilmington, to be known as the High School Building. The contract price for said building was $312,322, subject to such additions and deductions as were provided for in the contract. On 23 January, 1920, defendant, T. F. Boyd,

became surety on the bond of said Engineering and Construction Company, given in accordance with the provisions of the contract. Pursuant to said contract the said company began the construction of said building and continued therein until 6 May, 1921, when it ceased work and abandoned the contract. It was then and is now insolvent.

Upon the default of said Engineering and Construction Company in its contract, it was agreed by and between the board of education and T. F. Boyd that said Boyd, as surety on the contractor's bond, should proceed with the construction of said building in accordance with the contract. The said Boyd, in accordance with said agreement, began work on said building and continued the construction of the building until on or about 1 October, 1921, when he ceased work thereon. The contract at that time had not been fully performed, but the board of education took possession of the building and began to use same for school purposes. The board has since had the building completed according to the contract, and is now using same as the High School Building of the City of Wilmington.

While defendant Boyd was at work on said building the architect issued to him, from time to time as the work progressed, and as was provided in the contract, certificates showing that he was entitled to receive from the board of education for the work done by him the sum of $93,527.25; of this amount the board of education has paid to defendant Boyd the sum of $83,253.28, leaving a balance due him, according to the architect's certificates, of $10,273.97. After deducting from this balance the total amount expended by the board for the completion of the building, according to the contract, since Boyd· ceased work thereon, the court finds that there is now due by the board of education, on account of the contract price of the said high school building, the sum of $3,846.32, with interest from 1 January, 1922.

Judgments were rendered that plaintiffs, other than the receivers of Citizens Bank and Trust Company, and the Travellers Insurance Company, recover of defendant, T. F. Boyd, as surety on the bond of the contractor, the Liberty Engineering and Construction Company, the amounts of their claims for materials furnished to the contractor for the construction of said building, as stated in the judgments, with interest and costs. The total amount of said judgments, exclusive of interest and costs, is $5,941.98. There was no exception to these judgments.

The facts with respect to the claim of the receivers of Citizens Bank and Trust Company, as found by the referees, are as follows: On 13 September, 1920, the Liberty Engineering and Construction Company, then engaged in the performance of its contract with the board of education of New Hanover County for the construction of the high school

building, borrowed from the Citizens Bank and Trust Company the sum of $4,000, which sum it promised to pay sixty days after date, as evidenced by its note. At the time said money was borrowed and said note was executed, the treasurer of said company stated to the said Trust Company that he had a payroll and some material to take care of. The said treasurer, in the name of the Engineering and Construction Company, gave to the Bank and Trust Company an order in writing addressed to the board of education of New Hanover County, request-ing said board to pay to said Bank and Trust Company the sum of $4,000. The note was not paid at maturity, and was thereafter renewed. The said treasurer thereafter gave to said Bank and Trust Company, as security for the note, an order on Plymouth, and the Bank and Trust Company thereupon surrendered the order on the board of education of New Hanover County. The latter order was not paid, and on 16 Feb-ruary, 1921, this order was surrendered, and the following order given to the Bank and Trust Company:

"Wilmington, N. C., 16 February, 1921.

"New Hanover County Board of Education,
        "Wilmington, N. C.

"Gentlemen:

"Please pay to order of Citizens Bank and Trust Company the sum of $4,000, for money advanced us in the construction of high school.
            "LIBERTY ENGINEERING AND CONSTRUCTION COMPANY,
                        "By H. W. NUTT, Treasurer."

It appears from the evidence offered at the trial before the referees that attorneys for Citizens Bank and Trust Company on 2 April, 1921, sent this order by mail to the board of education, requesting that it be paid according to its tenor. There is no evidence that the receipt of the order was acknowledged by the board of education, or that said board of education, at any time after the order was sent to it, was indebted to the Liberty Engineering and Construction Company in any sum on its contract or otherwise. The said company defaulted on its contract with said board soon thereafter, to wit, on 6 May, 1921, and did no work on said contract after that date. The contract was thereafter performed, at least in part, by defendant, T. F. Boyd, surety on the bond of the defaulting contractor.

The referees were of opinion that there was no evidence from which they could find that the money loaned to the Liberty Engineering and Construction Company by the Citizens Bank and Trust Company was

28—194

loaned for the payment of labor done or material furnished in the construction of the high school building; they therefore concluded that defendant, T. F. Boyd, was not liable on his bond for said money. The court was of opinion that upon the facts found by the referees the order was an equitable assignment of the sum of $4,000, due or to become due to the Engineering and Construction Company on its contract with the board of education, and thereupon rendered judgment that L. J. Poisson and N. C. Shepard, receivers of the Citizens Bank and Trust Company, are entitled to the sum now in the hands of the board of education, to wit, $3,846.32, being the balance due on the contract price of the high school building. Defendant, T. F. Boyd, excepted to said judgment and assigns as error the holding of the court that said receivers are entitled to said sum by reason of an equitable assignment made by the Liberty Engineering and Construction Company to the Citizens Bank and Trust Company.

This assignment of error is sustained. Conceding that upon the facts found by the referees, there was an equitable assignment of the sum of $4,000 due or to be due by the board of education to the contractor (*Trust Co. v. Porter,* 191 N. C., 672; *Trust Co. v. Construction Co.,* 191 N. C., 664; *Hall v. Jones,* 151 N. C., 419; *Anniston Nat. Bank v. School Committee,* 118 N. C., 383; *Brem v. Covington,* 104 N. C., 589), and that by virtue of this assignment the Citizens Bank and Trust Company was entitled to recover of the board of education any sum, not in excess of $4,000, then or thereafter due by the board of education to the contractor, in the absence of a finding by the referees, or of evidence tending to show that the board of education was at the date of the assignment, or thereafter, indebted to the contractor for work done under its contract or otherwise there can be no recovery of the board of education by the receivers of the Bank and Trust Company, on account of such assignment. The sum now in the hands of the board of education, to wit, $3,846.32, is for work done by defendant, T. F. Boyd, as surety, in the performance of the contract, after default by the contractor. The said sum is due to T. F. Boyd and is not subject to the orders of the contractor, given prior or subsequent to the default. By the express terms of his bond, T. F. Boyd as surety was required to pay for labor done and material furnished to the contractor, upon his default. Judgments have been recovered in this action against the said surety for materials furnished to his principal, largely in excess of the amount now in the hands of the board of education.

There is no finding by the referees that the money loaned by the Citizens Bank and Trust Company to the Liberty Engineering and Construction Company was to be expended or was expended in payment

for labor done or material furnished in the construction of the high school building at Wilmington. There is evidence tending to show that said company at the time the money was loaned was engaged in the performance of other contracts for which it had pay-rolls and material bills. The receivers are not entitled to recover of defendant Boyd for money loaned to his principal to be used in its business as a contractor, generally. *Bank v. Clark,* 192 N. C., 403.

The judgment, in so far as it adjudges that plaintiffs, receivers of Citizens Bank and Trust Company, are entitled to recover of the board of education the sum of $3,846.32, now in the hands of said board, is reversed.

The facts with respect to the claim of the Travellers Insurance Company are as follows: On 15 October, 1920, the Travellers Insurance Company issued to the Liberty Engineering and Construction Company two policies of insurance, one called "Employer's Liability Policy," and the other "Public Liability Policy."

By the "Employer's Liability Policy" the said Insurance Company agreed to indemnify the said Engineering and Construction Company against loss by reason of liability imposed by law for damages on account of injuries sustained by employees of said company while at work in Wilmington, N. C., or elsewhere in the State of North Carolina.

By the "Public Liability Policy" the said Insurance Company agreed to indemnify the said Engineering and Construction Company against loss by reason of liability imposed by law for damages on account of injuries sustained by any person or persons, except employees of the assured, when such injuries are sustained by reason of the business operations of the assured. Liability under this policy is not confined to injuries sustained by reason of the construction of the high school building at Wilmington, N. C.

The referees find that there is a balance due to the Travellers Insurance Company by the Liberty Engineering and Construction Company on the premiums for these policies of $2,763.58, and that these policies were procured by the Liberty Engineering and Construction Company in compliance with provisions in its contract with the board of education of New Hanover County. They therefore conclude as a matter of law that T. F. Boyd, surety on the bond of said Engineering and Construction Company, is liable to said Insurance Company for the amount of its claim. The exception of defendant Boyd to the finding of fact and to the conclusion of law of the referees was sustained by the court. It was thereupon adjudged that the Travellers Insurance Company is not entitled to recover judgment in any sum against defendant, T. F. Boyd, or defendant, the board of education of New Hanover County.

STATE *v.* BANK.

The assignment of error of the Travellers Insurance Company, based upon its exception to the judgment, cannot be sustained.

This record does not present for decision the question whether or not the surety on a defaulting contractor's bond is liable for the premium on an indemnity policy procured by the contractor in accordance with the requirements of his contract. The policies issued by the Insurance Company in this case to the contractor show upon their face that they were not procured by the contractor in compliance with any provision of the contract. There is no provision in either policy which purports to indemnify the board of education against losses mentioned in the fifteenth paragraph of the contract. The policies indemnify the assured generally, and not as the contractor for the high school building at Wilmington. The judgment that the Travellers Insurance Company is not entitled to recover of defendant, T. F. Boyd, as surety on the bond of the Liberty Engineering and Construction Company, is affirmed.

We think it very doubtful, at least, whether a surety on a contractor's bond, by the terms of which he is liable to third persons only for labor done or material furnished for the performance of the contract, can be held liable for the premium on an insurance policy procured by the contractor in accordance with the requirements of the contract. It does not seem that insurance can be included within the terms, labor or material, although our decisions have given a very liberal construction to those terms. See *Grocery Co. v. Ross, ante,* 109.

Defendant, T. F. Boyd, is entitled to judgment that he recover of his codefendant, the board of education of New Hanover County, the balance due upon the contract for the construction of the high school building. The action is remanded that judgment may be entered in accordance with this opinion.

Error in part.

STACY; C. J., took no part in the consideration or decision of this case.