THE BANK OF DALLAS ET AL. v. W. F. McCANLESS.

(Filed 10 September, 1930.)

**Assignments C a—Party accepting assignment unconditionally is liable to assignee for all moneys in his hands due assignor.**

Where the subcontractor for the construction of a highway assigns all payments that become due to him from the contractor to a bank as security for loans, and the contractor unconditionally accepts the assignment: *Held,* the contractor by his unconditional acceptance of the assignment is liable to the assignee bank to the extent of all moneys in his hands due the subcontractor, to the extent of the subcontractor's debt to the bank, and upon the subcontractor's abandonment of the work and its completion by the contractor at a loss the contractor may not deduct the amount expended by him to complete the contract, the rights of the parties being determined by the written agreements, and equities between the parties having no application. Acceptances upon condition of the completion of the work distinguished by BROGDEN, J.

BANK v. McCANLESS.

CIVIL ACTION, before *Clement, J.,* at February Term, 1930, of GASTON.

By consent the cause was referred to Honorable A. C. Jones. The findings of fact made by the referee are to the effect that on 25 July, 1922, the defendant entered into a contract with the State Highway Commission "to provide and furnish all materials, machinery, improvements and tools, and perform all work and labor required to construct and complete a certain highway known as the State Highway Project No. 630-B." Thereafter on 8 March, 1923, the defendant "employed A. S. Mowry to do and perform the work, furnish all tools, labor and materials for laying the asphalt, or Topeka top surface for said project No. 630-B for the consideration of ninety-seven cents per square yard of finished top surface of asphalt accepted by the State Highway engineer, the payments for same to be made monthly within two days after the receipt of estimate of the State Highway Commission for the work done during the preceding calendar month; a deduction was to be made from each payment, by the defendant, of ten per cent of the price per square yard of asphalt, or Topeka top surface, to be retained by defendant as a retained percentage, and to be paid to the said A. S. Mowry within thirty days after the completion of the said work and its acceptance by the said Commission." Mowry assigned the contract to Mowry Construction Company, a corporation, "subject to the terms and conditions of the contract between the defendant and A. S. Mowry."

On the .... day of June, 1923, the Mowry Construction Company delivered to the plaintiff, Bank of Dallas, the following instrument in writing: "Know all men by these presents, that the Mowry Construction Company, a corporation organized under the laws of the State of North Carolina, in consideration of the sum of one dollar, and the consideration hereinafter mentioned, has assigned, transferred and set over, and by these presents does assign, transfer and set over unto the Bank of Dallas, North Carolina, all sums which may now be due, or which may hereafter become due from W. F. McCanless, of Charlotte, N. C., under a certain contract made between the said W. F. McCanless and the said Mowry Construction Company for the laying of asphalt concrete on a State highway project known as No. 630-B, comprising approximately 67,000 yards of asphalt concrete, for which the said W. F. McCanless has agreed to pay the said Mowry Construction Company the sum of 97 cents per square yard.

This assignment is made as security to indemnify the said Bank of Dallas for any loan or advances which it may hereafter make to the said Mowry Construction Company; and the said W. F. McCanless is hereby authorized and directed to pay over to the said Bank of Dallas any and all sums which may hereafter become due and owing from

him to the said Mowry Construction Company, and the said Bank of Dallas is hereby authorized to sign on behalf of the said Mowry Construction Company any receipts or acknowledgments for such payments.

In witness whereof, the said Mowry Construction Company has caused these presents to be executed in its name by its president and attested by its secretary, and its corporate seal to be hereto affixed, all by order of its board of directors." Mowry Construction Company. By A. S. Mowry, Pres."

The defendant accepted said assignment in the following words: "I, W. F. McCanless, do hereby agree to pay over any and all sums which may become due the said Mowry Construction Company under contract for paving known as Highway Project No. 630-B, as directed by the said Mowry Construction Company in the foregoing assignment." W. F. McCanless."

Upon the foregoing facts the referee found that the defendant had in his hands, subject to the claim of plaintiff bank, the sum of $16,181.66, and that the defendant was liable to plaintiff for the amount of the note, to wit, $12,500. The defendant filed exceptions to the report of the referee and the matter was duly heard by the trial judge, who partially sustained the exception of defendant to finding of fact No. 18 to the effect that the sum of $16,181.66 was a security for the payment of $12,500 note held by the plaintiff, for that said sum of $16,181.66 received by the defendant for work done by Mowry Construction Company "was subject to all costs and expenses incurred by the defendant in completing the project after the same had been abandoned by the Construction Company as aforesaid." The trial judge further sustained the exception of defendant to finding of fact No. 19 and modified said finding to read as follows: "Unpaid balance due the Bank of Dallas by the Mowry Construction Company, $12,500, but such amount is not an indebtedness against the defendants, because there was nothing due the Mowry Construction Company after the completion of the project by the defendant which was abandoned by the Mowry Construction Company." The trial judge further sustained the exception of defendant to conclusion of law No. 6 for the reason that there was nothing due Mowry Construction Company after costs and expenses of completing the project were satisfied and accounted for.

Whereupon, it was ordered and adjudged "that the plaintiff Bank of Dallas recover nothing of defendant in this action."

From the foregoing judgment the plaintiff appealed.

*R. G. Cherry, C. D. Holland* and *L. B. Hollowell for plaintiff.*
*Mangum & Denny for defendant.*

BROGDEN, J.  What are the rights of the parties upon an assignment of payments to become due on a road contract, duly made by a subcontractor to a bank furnishing money for said project to such subcontractor, when the assignment is unconditionally accepted by the contractor, and thereafter the subcontractor, after properly completing a major portion of the work, abandons the contract and the contractor proceeds to finish the work at a loss?

Various aspects of assignments have been discussed in the books and by appellate courts, but the question of law in this case involves the rights of the assignee of a defaulting subcontractor, against the contractor, who accepted the assignment and agreed to pay according to the terms thereof. Hence, equities arising from the relationship of assignee, assignor and acceptor play no part for the reason that the written instruments state the explicit engagements of the parties. Therefore, the correct interpretation of the written agreements determines the rights of the parties upon this particular record.

It is disclosed that the subcontractor, assignor, executed and delivered notes to the plaintiff bank in pursuance of the assignment and acceptance. The wording of the acceptance signed by the defendant is unconditional. The assignment directs the defendant "to pay over to the said Bank of Dallas any and all sums which may hereafter become due and owing from him to the said Mowry Construction Company," and the defendant expressly engages "to pay over any and all sums which may become due to said Mowry Construction Company under contract for paving known as Highway Project No. 630-B, as directed by the said Mowry Construction Company."

An analogous situation arose in the case of *Snow v. Commissioners,* 112 N. C., 335, 17 S. E., 176. In disposing of the rights of the parties in that case the Court said: "The effect of the arrangement between these parties was as if Brewster had drawn a draft on Ellington, Royster & Co. in favor of Snow for the sum mentioned in the note, to be paid out of the contract price, and Ellington, Royster & Co. had accepted the draft." Likewise in the case at bar the unconditional language of the assignment and acceptance works out a result imposing liability upon the defendant.

The various rights of assignees, assignors and acceptors in construction contracts, where default occurred, are discussed in the following cases: *Salt Lake City v. O'Connor et al.,* 249 Pac., 810, 49 A. L. R., 941; *O'Connell v. Root,* 150 N. E., 160; *Weber v. Wilson,* 215 N. W., 674; *Fidelity and Deposit Co. v. City of Auburn,* 272 Pac., 34; *Norton v. MacAtee & Sons,* 16 S. W. (2d), 517; *Twentieth Street Bank v. Summers,* 110 S. E., 478; *Jefferson County Savings Bank v. J. C. Car-*

*land,* 77 Southern, 704; *Finklestein v. Morse,* 115 N. E., 667; *Lynip v. Alturas School District,* 141 Pac., 835.

Under these decisions, if the acceptance of the assignment was conditional, that is to say, if the wording of the acceptance is to the effect that the payments are conditioned upon the completion of the work in a proper and satisfactory manner, then in such case the rights of the assignee would be subject to the rights of the contractor who was compelled to complete the project. Upon the other hand, if the acceptance is unconditional and constitutes a promise to pay the assignee all funds coming into the hands of the contractor, then the assignee is entitled to recover in an amount, of course, not exceeding the funds in the hands of the contractor.

A reasonable construction of the assignment and acceptance leads unerringly to the conclusion reached by this Court in the *Snow case, supra.* See, also, *Hall v. Jones,* 151 N. C., 419, 66 S. E., 350; *Insurance Co. v. Board of Education,* 194 N. C., 430, 140 S. E., 31; *Trust Co. v. Construction Co.,* 191 N. C., 664, 132 S. E., 804.

Reversed.