J. M. COX et al. v. NEW BERN LIGHTING AND FUEL COMPANY et al.

(Filed 16 March, 1910.)

1. Corporations—Mortgages—Materials Furnished—Liens.

A mortgage on the property of a corporation or its earnings are not now postponed to a judgment for materials furnished under Revisal, sec. 1131, as the words for "materials furnished" have been omitted therefrom.

**2. Corporations—Mortgages—Work on Materials—Liens.**

A creditor who has furnished a gas-holder to a lighting corporation for its plant is not entitled to a priority of lien over a prior registered mortgage to secure a bond issue, by reason of work necessarily done in shaping the material into the article and fitting it for its erection, under the terms of its purchase.

**3. Corporations—Mortgages—Labor Performed—Interpretation of Statutes.**

The preference given by Revisal, 1131, for "labor performed" over prior mortgages of corporations applies only to the laborers employed by the corporation in carrying on its ordinary business, including repairs and up-keep, and does not confer such preference upon contractors who employ labor under a contract to place "betterments" upon the company's property.

**4. Mechanics' Liens—Preference—Prior Mortgage—Interpretation of Statutes.**

The mechanics' lien, under Revisal, sec. 2016, has no preference over a prior registered mortgage.

**5. Corporations—Labor Performed—Interpretation of Statutes.**

A foreman of a corporation is a laborer and entitled under Revisal, sec. 1131, to any preference for "labor performed" which is given his colaborers whom he supervises and with whom he works.

Appeal from *Guion, J.,* Fall Term, 1909, of Craven, by S. W. Smallwood and Cruse-Kemper Company.

The facts are stated in the opinion of the Court.

*Moore & Dunn* for Cruse-Kemper Company.
*Simmons, Ward & Allen* for S. W. Smallwood.

Clark, C. J. In June, 1906, S. W. Smallwood sold his gas plant in New Bern to the defendant company, receiving therefor $60,000 in first-mortgage bonds secured upon the property conveyed. In May, 1908, the plaintiff applied for a receiver against said company. Among the debts proven was that of the appellant Cruse-Kemper Company, the facts in regard to whose claim, as found by the judge, are as follows: The Lighting Company contracted with the Cruse-Kemper Company of Philadelphia for a gas-holder for its plant, for the sum of $6,000, delivered and installed in New Bern. The gas-holder was delivered and installed. Sundry payments made by the defendant reduced the indebtedness to the sum of $4,293.84. The contractor paid $1,049.01 for labor in erecting and installing the gas-holder in New Bern, including therein $195 paid the foreman in setting up and erecting said plant, who customarily performs manual labor as well as directs the work of his colaborers, and who was paid by the hour as they were, but

at a higher rate per hour. There was $1,836.64 paid for labor performed in the factory at Ambler, Pa., in making the gas-holder; $1,302.51 was for material and traveling expenses and $105.68 was for labor performed on the gas-holder at Ambler, Pa., fitting the gas-holder for its erection; but this work was of such nature that it could have been performed in New Bern.

Upon these findings of fact the court adjudged that the defendant was indebted to the Cruse-Kemper Company in the sum of $4,293.84, with interest from 17 April, 1908, of which the sum of $1,049.10 was adjudged to be for work done and labor performed, and as such entitled to payment out of the proceeds of the sale of the plant in preference to the holder of the first-mortgage bonds. From this judgment the Cruse-Kemper Company appealed, assigning as error the refusal of his Honor to adjudge that the $105.68 for work and labor done at Ambler, Pa., was entitled to a preference over the mortgage bonds, and because he held that there was no lien or preference for "material furnished" or for any other item of the indebtedness beyond the $1,049.01 for labor performed in erecting the gas-holder and installing it in New Bern.

Smallwood also appealed, assigning as error that the $1,049.01 for work and labor was held to be a preference over the mortgage bonds, and more especially that the $195 paid the foreman was held to be entitled to a preference. Both appeals can be considered together.

This is not a mechanic's lien under Revisal, 2016, for if such it would be entitled to no preference over a prior mortgage as against the mortgagee. It would only be a lien against the mortgagor upon his equity of redemption. The creditor's claim rests upon Revisal, 1131, which provides: "Mortgages of corporations upon their property or earnings, whether in bonds or otherwise, shall not have power to exempt the property or earnings of such corporations from execution for the satisfaction of any judgment obtained in the courts of the State against such corporations for labor performed, nor torts committed by such corporations whereby any person is killed or any person or property injured, any clause or clauses in such mortgage to the contrary notwithstanding."

This section formerly included "material furnished" as well as "labor performed," but the former has been stricken out, and a mortgage is now not postponed to a judgment for materials furnished. *Cheesborough v. Sanatorium,* 134 N. C., 245. The $1,836.64 for labor performed at the factory in Pennsylvania in making the gas-holder was also properly disallowed, as was the $105.68 for labor performed there in fitting up the gas-holder,

though this latter labor might, if the contractor had so chosen, been performed in New Bern. The mere fact that this work could have been done in New Bern does not entitle it to a preference as "labor performed." Even if it had been performed in New Bern, the fact that it could have been more cheaply done at the factory shows that it was a part of the making of the machine, and therefore properly to be considered as "material furnished." The creditor is not entitled to a preference over the mortgagee for the gas-holder furnished without his consent, whose affixing, by immemorial law, increases, not decreases, the mortgagee's security; but the preference, if any, is only for the labor done for the company in erecting the gas-holder on the premises, not in shaping the material into the article agreed to be furnished. *Bank v. Mfg. Co.,* 96 N. C., 309.

As to Smallwood's appeal, a foreman is a laborer, and the $195 paid him is entitled to any preference for "labor performed" which is given his colaborers whom he supervised and with whom he worked. *Moore v. Industrial Co.,* 138 N. C., 304.

It has been strenuously contended: (1) That the contractor (the Cruse-Kemper Company) having been paid $1,706.16 (reducing the debt to $4,293.84), the mortgage bond holder is entitled to have this sum applied to extinguish the $1,049.10 paid by the contractor, on his preference for "labor performed," even if it be conceded that he had a preference therefor over the prior lien of the mortgagee. 30 Cyc., 1250. The contractor did this work and furnished the gas-holder with knowledge of the registered mortgage.

(2) That this section differs in the reason for, and in the language applicable to, the lien given by Revisal, 2016 (which is good only against the corporation and does not affect prior mortgagees); hence, that only the laborer himself can enforce it, and that a contractor who has paid the laborers extinguishes thereby the right to the preference and is not subrogated to the laborers' rights. Under Revisal, 2016, that lien is given to the contractor, and the subcontractor and laborers, upon notice given, are subrogated to the contractor's rights, not he to theirs. *Lester v. Houston,* 101 N. C., 605.

There is great force in both these contentions, but we do not decide them now, because we think that under Revisal, 1131, the preference given for "labor performed" over prior mortgages of corporations is intended to, and does, give such preference only to laborers employed by the corporation in carrying on the ordinary business of the company, including its repairs and up-keep, and does not confer such preference upon contractors who employ labor under a contract to place "betterments" upon

the company's property. If it applied to the latter, mortgage bonds of corporations would become very precarious securities, since the holders could be "improved out of their security." It has greatly affected the value of the stock of corporations that those in control, instead of applying earnings to the payment of dividends on the stock, often place them in betterments, with the intended result that while the stock is increased in intrinsic value the market value declines. Mortgage bonds have been deemed a better investment because not liable to be thus depressed. But if this act was intended to give the cost of "betterments" preference over prior mortgages mortgage bonds will be in nowise safer than stock. We do not think that such was the intention of the Legislature, nor is it a just construction of the words used.

The judgment, so far as it gives a preference to the Cruse-Kemper Company, is reversed. In its appeal, no error. In Smallwood's appeal there is error.