ROCKWELL BROS. & CO. v. KEATLEY *et al.*

No. 5263.    Opinion Filed October 19, 1915.

(152 Pac. 449.)

**SCHOOLS AND SCHOOL DISTRICTS—Public Buildings—Contractor's Bond—Debts Covered.** A person, loaning money to a contractor to pay for labor and material furnished to such contractor, is not protected by the provisions of a bond conditioned that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of a public building.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by Rockwell Bros. & Co., a corporation, against J. S. Keatley and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Kyle & Newman* and *Hatchett & Semple,* for plaintiff in error.

*V. B. Hayes, W. E. Utterback,* and *John T. Suggs,* for defendants in error.

Opinion by RITTENHOUSE, C.    J. S. Keatley entered into a contract with school district No. 5 of Bryan county, Okla., to provide material and labor for the erection and completion of a high school building in said district, and in pursuance of such contract executed a bond signed by the Southwestern Surety Insurance Company, as surety, running to the State of Oklahoma, whereby the parties thereto bound themselves in the penal sum of $19,444.44, conditioned that if the said J. S. Keatley should pay all indebtedness incurred for labor and material furnished in the erection of said building in accordance with the contract, then the obligation should become

null and void, otherwise to remain in full force and effect. This action was instituted for the purpose of recovering $2,660.65, money advanced to J. S. Keatley for the payment of labor and material used in the construction of said building. It is admitted that J. S. Keatley had performed a part of his contract and became financially embarrassed; and thereupon entered into an oral contract with the plaintiff by which the plaintiff was to furnish the money to pay for labor and material.. The auditor and general manager of the plaintiff corporation for Oklahoma testified that he entered into a contract, as follows:

"For instance, he shipped his brick, his common building brick were all shipped to him and shipped in his name and contracted for by him, and I charged him a profit of $1 per thousand. The face brick was also shipped by another party from another state, and I charged him a profit of $36 a thousand by agreement. All of the sand and gravel were shipped to him and billed to him, and the profit was about 10 cents per ton weight. That about covers the material part of it. The heater plant and other articles where money was paid out, and putting on roof, etc., was to pay a reasonable profit placed on it in a certain agreement between us because I didn't know what it would be. And as to the money to pay for labor, we were to pay the pay roll each Saturday evening, or as demanded by him, and were to charge him no interest on the deal at all. That about covers it."

The sole question presented for our consideration is whether the bond, conditioned, as provided by section 6164, Comp. Laws 1909, that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of said public building, is broad enough to include money loaned to the contractor for the purpose of paying for such labor and material. The protection offered by the bond was to those who might supply the

contractor with labor and material in the completion of his contract. It was not given for the purpose of protecting a party advancing money on a commission contract, whereby such party was to receive a commission for the use of said money of $1 per thousand for common brick, $36 per thousand for face brick, 10 cents per ton on sand and gravel, and a reasonable profit on all other materials purchased. The principle involved is discussed in *United States of America, for Use of Fidelity Nat. Bank, v. N. B. Rundle,* 107 Fed. 227, 46 C. C. A. 251, 52 L. R. A. 505, wherein it was held that, where a bank furnished money to pay labor claims, it was not protected by a bond conditioned to pay persons supplying the principal with labor or material in the prosecution of his work, and in referring to the bond the court said:

"It did not extend to a bank which might lend money for the purpose of paying for such work and material."

See, also, *First Nat. Bank of Muskogee v. Campbell et ux.,* 24 Tex. Civ. App. 160, 58 S. W. 628; *Evans v. Lower et al.,* 67 N. J. Eq. 232, 58 Atl. 294.

We therefore conclude that a person loaning money to a contractor to pay for labor and material furnished to such contractor is not protected by the provisions of a bond, conditioned that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of a public building.

The cause should be affirmed.

By the Court: It is so ordered.