### FIRST NAT. BANK OF EUFAULA v. SOUTHERN SURETY CO.

No. 7650—Opinion Filed Nov. 28, 1916.

(161 Pac. 539.)

**Municipal Corporations—Contractors' Bonds —Persons Protected.**

A person loaning money to a contractor to pay for labor and material furnished to such contractor is not protected by the provisions of a bond executed in conformity to section 3881, Rev. Laws of 1910.

(Syllabus by Hooker, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by the First National Bank of Eufaula against the Southern Surety Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Turner & Turner and Carl W. Gust, for plaintiff in error.

William T. Hutchings and Stanard, Wahl & Ennis, for defendant in error.

Opinion by HOOKER, C. Section 3881, Rev. Laws of 1910, is:

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for the purpose of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take from the party contracted with, a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

It appears from the facts here that on or about the 3d day of January, 1913, the Nick Peay Construction Company entered into a written contract with the city of Eufaula to make certain public improvements therein, and in order to secure the performance of its contract it did on said day execute a bond to the city of Eufaula with the Southern Surety Company as its surety, whereby it was obligated that the Nick Peay Construction Company shall well and truly pay all indebtedness incurred for any and all labor and material furnished in the construction of said extension in the performance of said contract, then this obligation to be null and void; otherwise to remain in full force and effect.

It is alleged in the petition in this case that the First National Bank of Eufaula loaned to the Nick Peay Construction Company the sums of money sued for herein to enable it to pay for the labor and for the material used by it in the construction of said municipal improvements, and that money thus furnished by the bank to said company was actually used by the company in the work embraced in the contract and covered by the conditions of the bond, and by reason of the failure of the company to pay the bank said money it is sought here by the bank to make the Southern Surety Company liable to the bank for said money upon the theory aforesaid. It is asserted by the bank that the provisions of the bond which provided that the principal shall well and truly pay all indebtedness incurred for any and all labor and material furnished in the construction of said extension in the performance of said contract make the Southern Surety Company liable for the money due by the construction company to the bank, inasmuch as it is alleged that said money was used by the company for the purpose of paying the claims of laborers and materialmen who were clearly entitled to sue and recover the amount due them upon the bond; while the Southern Surety Company contends that the bond which was executed by the Construction Company with it as surety under the provisions of section 3881 of Revised Laws of 1910 will not justify a recovery against it for the money due the bank. It contends that the object and purpose of requiring this bond was to secure laborers and materialmen against loss and extending to them a lien upon the bond which under the law they are not entitled to assert upon public buildings, or against public property.

We have carefully considered the question at issue here, and we believe that the great weight of authority supports the contention of the defendant in error.

This court, in the case of Rockwell Bros. v. Keatley, 51 Okla. 783, 152 Pac. 449, said:

"The sole question presented for our consideration is whether the bond, conditioned, as provided by section 6164, Comp. Laws 1909, that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of said public building, is broad enough to include money loaned to the contractor for the purpose of paying for such labor and material. The protection offered by the bond was to those who might supply the contractor with labor and material in the completion of his contract. It was not given for the purpose of protecting a party advancing money on a commission contract, whereby such party was to receive a commission for the use of said money of $1.00 per thousand. * * * The principle involved is discussed in Bank v. Rundle [107 Fed. 227, 46 C. C A. 251] 52 L. R. A. 505, wherein it was held that, where a bank furnished money to pay labor claims, it is not protected by a bond conditioned to pay persons supplying the principal with labor or material in the prosecution of his work, and in referring to the bond the court said: 'It did not extend to a bank which might lend money for the purpose of paying for such work and material.' * * *

"We therefore conclude that a person loaning money to a contractor to pay for labor and material furnished to such contractor is not protected by the provisions of a bond conditioned that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of a public building."

We see no reason to change the rule laid down in this state in the case above cited, and the judgment of the trial court denying to the plaintiff in error the right to recover against the Southern Surety Company herein is hereby affirmed.

By the Court: It is so ordered.