STANDARD OIL COMPANY v. E. F. REMER AND ANOTHER.[1]

May 28, 1926.

Nos. 24,940, 25,326.

**Equity of bank, financing road contractor, to balance in hands of county, superior to that of his surety.**

1. The equity of a bank which finances a contractor in the construction of a road under an agreement whereby it is to make advances and the contractor is to pay to it moneys received from the contract is superior, in respect of a balance remaining in the hands of the county upon the completion of the contract, to that of the surety on the bond of the contractor, though such contractor agreed in his appli-

[1]Reported in 209 N. W. 315.

cation for the bond that upon default any sum remaining in the hands of the county, upon completion of the contract, should be considered as assigned to his surety.

**Question whether bank was entitled to judgment against surety not raised by its appeal from judgment for costs.**

2. There was judgment in favor of the bank against the county for the amount remaining due the contractor. The bank moved to have included a judgment against the surety for the balance claimed to be due from the contractor above the amount of the judgment against the county. Its motion was denied. It did not appeal from the judgment, but appealed from a judgment for costs later entered in its favor against the surety. It is *held* that the judgment against the county was an adjudication against the bank's claim for such balance, and that the appeal from the judgment for costs did not raise the question whether the bank was entitled to judgment against the surety for such balance.

Appeal and Error, 4 C. J. p. 690 n. 79 New.
Subrogation, 37 Cyc. p. 372 n. 40.

Action in the district court for St. Louis county to recover of defendant Remer, public road contractor, and his surety, for materials sold and used in road construction. St. Louis county and the Merchants and Miners State Bank of Hibbing were made parties. There was judgment, Grannis, J., for the bank against the county, not including costs, and judgment for costs against the Aetna Company. The Aetna company claiming that it and not the plaintiff should have judgment against the county, appealed from the first judgment; the bank, claiming that it should have judgment against the Aetna for more than costs, from the last. Judgments affirmed.

*J. J. Fee* and *Abbott, MacPherran, Dancer, Gilbert & Doan,* for Aetna company.

*Austin, Austin & Wangensteen,* for the bank.

DIBELL, J.

Action by the plaintiff to recover of the defendant Remer, a public road contractor, and the Aetna Casualty & Surety Company, his surety, for materials sold and used in road construction. On motion the county of St. Louis, with which Remer contracted for the road

building, and the Merchants & Miners State Bank of Hibbing, who financed him, were made parties. On May 16, 1925, there was judgment for the bank against the county in the sum of $4,501.66. Costs were not included. On November 23, 1925, there was judgment for costs against the Aetna company in the sum of $66.52. The Aetna company appeals from the first judgment and the bank from the last one. The plaintiff is not concerned with either appeal. Neither is the county. From the beginning it has been a stakeholder of the $4,501.66 ready to pay whenever it could do so safely.

1. On September 23, 1922, the defendant Remer entered into two contracts with St. Louis county for the construction of roads. The Aetna company was the surety on its bonds. Shortly after the making of the contracts Remer and the bank entered into an agreement whereby the bank was to advance money to finance the contracts. The money received from the county was to be deposited with the bank and such money and the money advanced by the bank was to be used only in discharging obligations in connection with the road work. Remer made his first application for an advance on February 3, 1923, though prior thereto he had carried some overdrafts, and on that date he made a formal assignment to the bank of all money due or to become due from the county. Remer did not keep his accounts separate in the bank. He deposited moneys other than those received from the county and drew checks for purposes other than paying on the two road contracts. The evidence sustains the trial court's finding that the bank advanced $34,489.07, and received $29,289.60, leaving an unpaid balance of $5,199.47. The contract was completed and accepted by the county. There was due Remer from the county $4,501.66. The amount due the bank from Remer was $697.81 in excess of the sum due Remer from the county. The memorandum of the court makes the situation clear:

"The circumstance that funds from sources other than the county and loans made by the bank to Remer, were deposited in his account, and that he drew checks on said account for purposes not connected with the contracts in question, does not, in my opinion,

bar the right of the bank to claim the funds now held by the county, in view of the evidence that the advances made by the bank on account of these particular contracts are greatly in excess of the amounts deposited from the above mentioned sources, as well as in excess of the amount of the funds now remaining under the control of the county."

The bank's equity to the $4,501.66 is superior to the equity or right of the surety. The recent cases of Ganley v. Pipestone, 154 Minn. 193, 191 N. W. 738, and New Amsterdam Cas. Co. v. Wurtz, 145 Minn. 438, 177 N. W. 664, are controlling upon the question. The case of Barrett Bros. Co. v. St. Louis, 165 Minn. 158, 206 N. W. 49, is distinguished from these by the absence of the equity which gave the plaintiffs priority over the sureties of the contractor. The Barrett case distinguishes Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, which is not of particular moment here. In connection with the Ganley and Wurtz cases the case of National Surety Co. v. Berggren, 126 Minn. 188, 148 N. W. 55, may be noted though its facts differentiate it.

2. The bank appeals from the judgment for costs in the sum of $66.52 against the Aetna company. Its claim is that it should recover from the Aetna company the difference between $5,199.47, the amount due it from Remer, and $4,501.66, which it is to receive from the county, or $697.81, plus several interest items not necessary to detail.

The findings of fact and conclusions of law were made on March 24, 1924, and an amendment on October 1, 1924. On March 28, 1925, the bank made a motion to amend the conclusions so as to give, in addition to the judgment of $4,501.66 against the county, judgment against the Aetna company for $697.81, and several interest items. This motion was denied on the same day, and on May 16, 1925, on motion of the bank, judgment was entered against the county for $4,501.66. The defendant Aetna company appealed. The bank did not appeal. There followed some wrangling about the judgment for costs against the Aetna company, and some misunderstanding, but it was finally entered on November 23, 1925. The plaintiff

appealed from it on December 4, 1925. At the time of its entry the time to appeal from the judgment of $4,501.66 had elapsed. The Aetna company alone had appealed. The plaintiff invokes the rule that the time to appeal from a judgment does not expire until the inclusion of costs. If that rule has application, the plaintiff is not helped. It has not appealed from that judgment. The appeal from the judgment for costs does not help it. If there was error against the bank, and we do not say there was, it was in the denial of its motion of March 28, 1925, to include with the judgment against the county a judgment for $697.81, and interest, against the Aetna company. The judgment of May 16, 1925, was an adjudication against its claim, for it necessarily included the ruling of March 28, 1925. No appeal was taken from it by the bank and it is at rest.

Other claims are urged which do not require discussion. The court's denial of the Aetna company's motion to reopen, made a considerable time after the trial, is sustainable, if upon no other ground, as within the exercise of sound discretion. The case involved some complications and some uncertainty in its facts and is well ended by the affirmance of both judgments.

Judgments affirmed.