THE MURCHISON NATIONAL BANK OF WILMINGTON· v. WALTER
CLARK AND THE COMMERCIAL CASUALTY INSURANCE COM-
PANY.

(Filed 27 October, 1926.)

**Municipal Corporations—Cities and Towns—Public Buildings—Contracts
—Principal and Surety—Materialmen — Laborers — Subrogation—
Equity.**

Where a bank has loaned money to a contractor who has defaulted
in his payment to material furnishers and laborers on a public building,
without taking assignments of their claims or directly for their payment,
it cannot acquire a right of action against the surety on the contractor's
bond or claim thereunder, even to the extent some of the money so
loaned may have been paid to them by the contractor.

APPEAL by plaintiff from *Clifford, Emergency Judge,* at September
Term, 1926, of DURHAM.

Civil action to recover on a bond given by Walter Clark, contractor,
with the Commercial Casualty Insurance Company as surety thereon,
to insure the faithful performance of a contract to build a county home
in Durham County, "and satisfy all claims and demands incurred for
the same," and "fully indemnify and save harmless the owner from all
costs and damages which it may suffer by reason of failure so to do,"
the plaintiff, Murchison National Bank, having loaned to the con-
tractor sums aggregating more than $17,000.00, as represented by sev-
eral promissory notes, with which to pay laborers doing work on and
materialmen furnishing material for the construction of said county
home, and taking from the contractor assignments of all moneys then
due under said contract and in the hands of the owner.

From a judgment sustaining a demurrer interposed by the Commer-
cial Casualty Insurance Company and dismissing the action, the plain-
tiff appeals, assigning error.

*Bryan & Campbell for plaintiff.*
*Fuller, Reade & Fuller and S. Brown Shepherd for Casualty Co.*

STACY, C. J. Let it be observed *in limine* that this is not a contest
between the Murchison National Bank, a creditor of the contractor, and
the surety company over the retained percentages in the hands of the
owner, or the balance due the contractor and withheld under the con-
tract. It is alleged that more than said balance was required to com-
plete the contract after the failure and adjudication in bankruptcy of
the contractor. Nor is it a case where moneys have been advanced for
the payment of laborers and materialmen and assignments taken of

their claims against the contractor. *Trust Co. v. Porter,* 191 N. C., 672. Plaintiff, a lender of money to the contractor for use in carrying on the work of construction, is seeking to recover directly on the bond given by the contractor to the owner, with the Commercial Casualty Insurance Company as surety thereon, to insure the faithful performance of said contract, and conditioned as follows:

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all costs and damages which it may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor and material, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

It is conceded that the provisions of C. S., 2445, requiring said bond to be conditioned "for the payment of all labor done on and materials and supplies furnished for the said work" are to be read into the bond and considered as if they had been written therein. *Electric Co. v. Deposit Co.,* 191 N. C., 653. Such is the requirement of the statute, the work being for a county home.

The plaintiff does not come within the class of persons protected by the statute, but it says the language of the bond is broad enough to include its claim, being, as it is, a lender of money to the contractor for use in carrying on the work of construction. *Aderholt v. Condon,* 189; N. C., 748; *Town of Cornelius v. Lampton, ibid.,* 714; *Title Guaranty and Surety Co. v. Coffman, Dobson & Co.,* 97 Wash., 211, 166 Pac., 620; *State Bank v. Gallucci,* 82 Wash., 445, 144 Pac., 698; *Shannon v. Abrams,* 98 Kan., 26, Ann. Cas. 1918 E, 502. It is not stipulated in the notes given by the contractor to the plaintiff that the moneys obtained thereon should be used in prosecuting this particular work, nor is it alleged by the plaintiff that all of said moneys were so used. The contractor was at liberty to use and did employ some of the funds borrowed from plaintiff for other purposes. Plaintiff alleges, however, that to the extent said moneys borrowed from it were used by the contractor in the prosecution of this particular work, it should be allowed to recover on the bond in suit. *Sumter Trust Co. v. Sumter County,* 134 S. E. (S. C.), 209. The action is bottomed solely upon the terms of the bond.

We do not think the language of the bond, by fair intendment, should be construed to include persons other than those intended to be pro-

tected by the statute. *Smiley v. State,* 60 Ind. App., 507, 110 N. E., 222. The words, "and satisfy all claims and demands incurred for the same," evidently refer to the claims and demands of those who, by law, are entitled to assert such claims and demands against the owner, or the surety under the statutory bond. *Amer. Sav. B. & T. Co. v. National S. Co.,* 104 Wash., 663. Indeed, in one clause of the bond it is sought to limit the claims of laborers and materialmen to such as "have contracts directly with the principal." This, of course, would be enlarged by the terms of the statute. *Electric Co. v. Deposit Co., supra.*

It is the general holding that a bank furnishing money to a contractor doing public work, for use in paying the claims of laborers and materialmen, without more, does not come within the protection of a statutory bond conditioned to pay all persons supplying the principal with labor or materials in the prosecution of his work. *Hardaway v. Nat. Surety Co.,* 211 U. S., 552; *United States for use of Fidelity Nat. Bank v. Rundle,* 107 Fed., 227, 52 L. R. A., 505.

The demurrer was properly sustained, but it was error to dismiss the action as against the contractor. He has been properly served, and the plaintiff is entitled to proceed in its action against him.

The costs of the appeal will be taxed against the plaintiff.

Modified and affirmed.