R. L. SNELSON & COMPANY v. R. G. HILL & COMPANY ET AL.

(Filed 9 January, 1929.)

1. **Principal and Surety—Remedies of Creditor—Surety Bonds for Public Improvements—Banks.**

  A bank loaning money to a contractor to build a public highway for a certain township in a county may not recover against the surety on the contractor's bond on the ground that the money was used for the payment of laborers and materialmen furnishing labor and materials used

upon the highway, without having thereupon procured assignments to it of their claims, nothing appearing in the note given the bank by the contractor showing that the loan was for this purpose.

**2. Same—Labor and Materials Used or Necessary to Construction.**

The compensation for the services of a foreman necessary to the construction of a county highway is recoverable by him against the surety on the contractor's bond where the bond is given in conformity with the statute. C. S., 2445.

**3. Same—Appeal and Error.**

Appellant must show error on appeal, and where the judge of the Superior Court approves the report of the referee in holding that the services of an employee upon a county highway were not covered by the surety bond, this judgment will be upheld when the record is silent as to the character or necessity of the work for which compensation is claimed.

**4. Same.**

Where certain parts of a steam shovel used in connection with the construction of a county highway are replaced by other parts borrowed for the purpose, and are necessary in the construction, the surety on the contractor's bond is not liable under the statute for the payment of other like parts purchased to replace the borrowed parts which have thus been paid for.

APPEALS by intervener, East Tennessee National Bank, and defendant, Southern Surety Company, from *Harwood, Special Judge,* at March Term, 1928, of SWAIN.

Civil action by creditors (general creditors' bill) to recover for materials furnished the contractor and labor performed in and about the construction of a highway in Swain County, and to hold the surety on the contractor's bond liable for the payment of said claims. Certain interveners also assert the right to enforce their claims against the surety on said bond.

The general fact situation may be stated as follows:

1. On 29 June, 1925, R. G. Hill & Company, contractor, entered into a written agreement with the Highway Commission of Forney Creek Township (Swain County) for the construction of a highway known as Projects 3 and 4, in which contract it was stipulated, among other things, that "the contractor shall and will provide and furnish all the materials, machinery, implements, appliances, and tools and perform the work and labor required to construct and complete Projects 3 and 4 located in Swain County . . . according to the proposal, plans and specifications prepared by said Commission," etc.

2. In pursuance of its duty under C. S., 2445, as amended, and for a valuable consideration, the Forney Creek Highway Commission, on 29 June, 1925, took from the contractor, as principal, and the Southern

SNELSON *v.* HILL.

Surety Company, as surety, a bond in the sum of $136,252.75 for the faithful performance of said contract, the condition of the bond being "that if the above bounden principal as contractor shall in all respects comply with the terms of the contract and conditions of said contract, and his, their or its obligations thereunder, including the specifications and plans there referred to and made a part thereof, and such alterations as may be made in said specifications and plans as therein provided for, and shall well and truly and in a manner satisfactory to the consulting highway engineer, complete the work contracted for, and shall save harmless the Highway Commission of Forney Creek Road District of Swain County, North Carolina, from any expense incurred through the failure of said contractor, or his, their or its servants, and from any liability for payment of wages or salaries due or material furnished said contractor; and shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable, . . . then this obligation shall be void; otherwise to be and remain in full force and virtue."

3. After working upon said projects for a little more than a year, the contractor failed, breached its contract, and quit the work long before its completion, and the same was taken over and finished by the Southern Surety Company.

4. The contractor, at the time of its failure, was indebted to a large number of persons and firms for and on account of labor performed and materials furnished and used in and about the construction of said highway.

5. This suit was instituted under C. S., 2445 by laborers and materialmen to recover on the bond given by the contractor. Others intervened and also asserted their claims against said bond.

A reference was had under the statute which resulted in a satisfactory adjustment of most of the claims. But the East Tennessee National Bank appeals from the disallowance of its claim; while the Southern Surety Company appeals from so much of the judgment as relates to the claims of Bryson City Bank, R. L. Tulloh, D. S. Hill and W. J. Savage & Company.

*Edwards & Leatherwood for D. S. Hill.*

*S. W. Black for Bryson City Bank, R. L. Tulloh and W. J. Savage & Company.*

*Bryson & Bryson and S. W. Black for East Tennessee National Bank.*

*Robert Ruark for Southern Surety Company.*

### APPEAL OF INTERVENER, EAST TENNESSEE NATIONAL BANK.

STACY, C. J. In January, 1926, the contractor, R. G. Hill & Company, borrowed from the East Tennessee National Bank the sum of $5,000, executing its promissory note as evidence thereof, a portion of which was used in paying laborers for work done in and about the construction of said highway. The balance of this loan was used for other purposes connected with the construction of said projects.

No assignment was taken from any of the laborers or other persons receiving payment from these funds, and the note itself does not show for what purpose the money was loaned.

The referee held that the loan of $5,000 made by the East Tennessee National Bank to the contractor was not covered by the bond in suit, and this ruling was approved by the judge of the Superior Court. The appeal of the intervener challenges the correctness of the conclusion reached.

The judgment accords with the general holding that a bank furnishing money to a contractor doing public work, for use in paying the claims of laborers and materialmen, without more, does not come within the protection of a statutory bond conditioned to pay all persons supplying the principal with labor or materials in the prosecution of his work. *Bank v. Clark,* 192 N. C., 403, 135 S. E., 123; *Nat. Surety Co. v. Jackson County.Bank,* 20 Fed. (2nd), 644.

The terms of the bond in suit, so far as applicable to the claim of the intervener, are no broader than the provisions of the statute; hence the ruling of the Superior Court would seem to be correct. The judgment in this respect is affirmed.

### APPEAL OF SOUTHERN SURETY COMPANY.

STACY, C. J. Four separate and distinct propositions are presented by the appeal of the Southern Surety Company. They will be considered *seriatim.*

### CLAIM OF BRYSON CITY BANK.

The Bryson City Bank extended to D. S. Hill, foreman of R. G. Hill & Company, credit to the extent of $98.57 with which it is alleged he paid certain persons having claims against the contractor for labor performed in and about the construction of the work, etc., but neither D. S. Hill nor the bank took any assignment or assignments from the persons or employees to whom this money was advanced or paid.

The referee held that the claim of the Bryson City Bank for $98.57 advanced to D. S. Hill, as aforesaid, was not covered by the bond in suit,

but this ruling was reversed by the judge of the Superior Court, upon exceptions duly filed to the report of the referee.

It seems to us that the Bryson City Bank is in no better position than the East Tennessee National Bank and that the claim of neither comes within the provisions of the bond or the purview of the statute. The conclusion of the referee in this respect should have been approved.

### CLAIM OF R. L. TULLOH.

R. L. Tulloh was employed by the contractor "as a walking-boss or superintendent" in the construction of said highway, and he "performed a class or kind of work necessary to the construction of said highway and road projects." The said contractor is now indebted to Tulloh in the sum of $648.93 for such work done in and about the construction of the highway in question.

It was the conclusion of the referee, approved by the judge of the Superior Court, that the bond in suit, by fair construction, was intended to cover the claim of R. L. Tulloh. The Surety Company excepts to this ruling and relies upon the decision in *Moore v. Industrial Co.,* 138 N. C., 304, 50 S. E., 687, as authority for its position. The claimant, on the other hand, calls attention to the provisions of the bond and cites the case of *Cox v. Lighting Co.,* 152 N. C., 164, 67 S. E., 477, as supporting his position.

In view of the character of work required of the claimant, which does not appear in detail on the record, we are not able to say that there is error in the ruling; hence the judgment in this respect will be upheld.

Appellant must show error; it is not presumed. *Jones v. Candler, ante,* 382.

### CLAIM OF D. S. HILL.

The claim of D. S. Hill is for $1,044.98, wages as foreman, and $249.94 advanced by him to the "petty cash account" of the contractor and used in making repairs to the machinery from time to time, purchasing materials and paying freight thereon.

The referee concluded that both of these items were covered by the bond in suit, and this was approved by the judge of the Superior Court.

The ruling is correct in so far as it affects the amount due for services as foreman. *Cox v. Lighting Co., supra.* But the $249.94, advanced to the "petty cash account" of the contractor, we apprehend, is no more than a loan of that amount. No assignments were taken for purchases of materials made from said account. In this respect the claimant would seem to stand on a parity with a bank which loaned money to the contractor without taking any assignment of the claims paid. The judgment should be modified accordingly.

## CLAIM OF W. J. SAVAGE & COMPANY.

The contractor while at work on the highway in question, borrowed two "sticks" from the Dempster Construction Company for use in repairing its steam shovel, and on 24 April, 1926, it purchased from W. J. Savage & Co. two steam shovel "sticks" at the price of $230, and ordered them shipped to the Dempster Construction Company at Knoxville, Tenn., to replace the "sticks" borrowed. The "sticks" sold by claimant to the contractor were never shipped to the Forney Creek Highway projects and never used by the contractor in the construction of said roads.

The referee concluded that as the transaction simply amounted to "swapping sticks," the claim of W. J. Savage & Company against R. G. Hill & Company was properly covered by the bond in suit, and this was approved by the judge of the Superior Court. The Surety Company assigns such ruling as error.

We think the "sticks" furnished the contractor, for which the Southern Surety Company would be liable under its bonds, were those supplied by the Dempster Construction Company, which have been paid for, not in money, but with other "sticks" purchased from the claimant. W. J. Savage & Company, therefore, is not entitled to enforce collection of its claim against R. G. Hill & Company out of the bond executed by the Southern Surety Company.

Let the cause be remanded with direction that judgment be modified in accordance with this opinion, and as thus modified it will be affirmed.

Modified and affirmed.