## FIRST NATIONAL BANK OF CHISHOLM v. R. S. O'NEIL AND ANOTHER.[1]

January 25, 1929.

No. 26,965.

See note in 45 A. L. R. 379; 7 R. C. L. Supp. 867.

[1]Reported in 223 N. W. 298.

*Austin & Wangensteen,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan, John J. Fee,* and *W. Braxton Dew,* for respondent Aetna Casualty & Surety Company.

TAYLOR, C.

On June 29, 1925, defendant O'Neil entered into a contract with the state through the commissioner of highways to construct a section of trunk highway No. 34, and on the same date O'Neil as principal and defendant corporation as surety executed to the state the bond required by statute to secure the performance of the contract. To secure the surety against loss, O'Neil, in his application for the bond, assigned and transferred to the surety all property and equipment used or to be used in performing the contract, and stipulated that in case of any default on his part the surety should have the right to take possession thereof and should be subrogated to all his rights under the contract and to the money to be earned thereunder.

O'Neil made an agreement with plaintiff under which plaintiff agreed to and did advance the money needed to enable O'Neil to perform the contract, and O'Neil executed his promissory notes for such advances and assigned to plaintiff all moneys earned or to be earned under the contract. Pursuant to the agreement O'Neil turned over to and deposited with plaintiff all moneys received from the state, and made all payments for labor and material by checks drawn on plaintiff, each check specifying the item in payment of which it was issued. Plaintiff paid the checks as they were presented. It was orally agreed between plaintiff and O'Neil that plaintiff should be subrogated to all the rights and remedies of the payees of the checks paid by plaintiff. Some payees presented their

checks to plaintiff and received their money directly from plaintiff; others presented their checks to other banks which paid them and collected them from plaintiff through the usual banking channels. In presenting their checks for payment the payees indorsed them in the usual manner, but none of the payees made any assignment to plaintiff of their claim for labor or material. Neither defendant surety nor the payees of the checks had any notice or knowledge of the agreement between plaintiff and O'Neil nor that plaintiff was advancing funds to O'Neil. So far as they knew, O'Neil was paying his bills as they became due.

At the completion of the contract plaintiff had advanced the sum of $28,892.81 over and above the amount received from the state, but there was a balance of $11,442.68 still due from the state. Plaintiff brought suit and asked for judgment against both O'Neil and defendant surety for the balance of $28,892.81 advanced by it, and that it be awarded the amount still due from the state to apply thereon. The court held that plaintiff was entitled to judgment against O'Neil for the full amount claimed and was entitled to the balance due from the state as against defendant surety; but further held that defendant surety was not liable to plaintiff for the money which plaintiff had advanced to O'Neil. Whether the surety is liable for those advances is the question presented.

The bond obligated the surety to pay all claims for labor and material, but did not obligate it to pay claims for money loaned or advanced to the contractor. Plaintiff argues that the money advanced paid the claims of laborers and materialmen, and that plaintiff ought to be subrogated to the rights of those whose claims its money paid. This claim, which does not appear to have been previously passed upon by this court, has been before other courts many times; and it seems to be thoroughly settled that the claim is not tenable. U. S. v. Rundle (C. C. A.) 107 F. 227, 52 L. R. A. 505; U. S. v. D. L. Taylor Co. (D. C.) 268 F. 635, 645, et seq.; Carr Hdw. Co. v. Chicago B. & S. Co. 190 Iowa, 1320, 181 N. W. 680; Cadenasso v. Antonelle, 127 Cal. 382, 59 P. 765; New Amsterdam Cas. Co. v. State, 147 Md. 554, 128 A. 641; Rockwell Bros. & Co. v.

Keatley, 51 Okl. 783, 152 P. 449; Murchison Nat. Bank v. Clark, 192 N. C. 403, 135 S. E. 123; Title G. & S. Co. v. State, 61 Ind. App. 268, 109 N. E. 237, 111 N. E. 19; Fulghum v. State, 94 Fla. 274, 114 So. 367; People v. Southern Surety Co. 76 Colo. 141, 230 P. 397; U. S. F. & G. Co. v. Henderson Co. (Tex. Civ. App.) 253 S. W. 835 (opinion on rehearing); Maryland Cas. Co. v. Philbrick & Nicholson, Inc. 147 Wash. 277, 266 P. 142; State ex rel. Hagquist v. U. S. F. & G. Co. 125 Or. 13, 265 P. 775; State ex rel. Southern Surety Co. v. Schlesinger, 114 Ohio St. 323, 151 N. E. 177, 45 A. L. R. 371.

In U. S. v. Rundle (C. C. A.) 107 F. 227, 229, 52 L. R. A. 505, the circuit court of appeals of the ninth circuit said:

"The agreement was wholly between the contractor and the bank. The laborers and the material men were not parties to it. They took their checks and their orders to the bank as directed, and were there paid. The checks and orders were indorsed as evidences of payment, and for no other purpose, and the bank retained them as vouchers. In this there was no assignment. * * * If there was no assignment to the bank of any of the claims save those mentioned in the verdict, there could be for the unassigned claims no liability to the bank upon the bond; for the protection afforded by the bond was to such only as might supply the contractor with labor and materials in the prosecution of his work. It did not extend to a bank which might lend money for the purpose of paying for such work and materials."

In Carr Hdw. Co. v. Chicago B. & S. Co. 190 Iowa, 1320, 1325, 181 N. W. 680, the Iowa court said:

"One who loans or advances money to a contractor to pay for labor or material for an improvement is not entitled to a mechanic's lien upon the improvement, or to recover upon the contractor's bond; nor is such person subrogated to the rights of the laborers or materialmen whose claims are paid with the money. * * * An acceptance of a check by a creditor is not necessarily a payment of the debt or claim, but, if the check is presented to a bank and paid, it then constitutes payment. The laborers' claims evidenced by the

pay checks were paid; and, unless there was some act constituting an assignment to the paying bank of rights and claims of the holders thereof against the surety, the debt owed to the laborers was extinguished as to all parties."

In Murchison Nat. Bank v. Clark, 192 N. C. 403, 405, 135 S. E. 123, the North Carolina court said:

"It is the general holding that a bank furnishing money to a contractor doing public work, for use in paying the claims of laborers and materialmen, without more, does not come within the protection of a statutory bond conditioned to pay all persons supplying the principal with labor or materials in the prosecution of his work."

In Rockwell Bros. & Co. v. Keatley, 51 Okl. 783, 785, 152 P. 449, the Oklahoma court after considering the question said:

"We therefore conclude that a person loaning money to a contractor to pay for labor and material furnished to such contractor is not protected by the provisions of a bond, conditioned that the contractor shall pay all indebtedness incurred for labor and material furnished in the construction of a public building."

The cases of New Amsterdam Cas. Co. v. Wurtz, 145 Minn. 438, 177 N. W. 664; Ganley v. City of Pipestone, 154 Minn. 193, 191 N. W. 738; and Standard Oil Co. v. Remer, 167 Minn. 352, 209 N. W. 315, cited by plaintiff, are not in point. In those cases the contractor had assigned to the bank the money to accrue under the contract, and the bank had obligated itself to and did pay claims of laborers and materialmen; and the question was whether the bank or the surety was entitled to the balance due under the contract. It was held that the bank, under its assignment, was entitled to this balance to the extent necessary to reimburse it for payments made for labor and material for which the surety would otherwise have been liable; but there was no suggestion that the bond covered such payments or that the bank had any recourse against the surety for reimbursement therefor.

The agreement between the contractor and the bank that the latter, on paying the checks, should be subrogated to the rights and

remedies of the payees therein was wholly ineffectual to accomplish that purpose; for the payees were not a party to it, had no knowledge of it, and neither assigned nor intended to assign their claims to the bank. They simply accepted checks for the amounts due which they presented for payment in the usual manner and received their money. Their claims were thereby satisfied and extinguished.

The authorities are practically uniform that a bond to secure the payment of claims for labor and material does not inure to the benefit of one who loans or advances funds for the payment of such claims. The reason for it is that claims for borrowed money are not within the condition of the bond, and as said by the Iowa court [190 Iowa, 1325]:

"The principal may not bind his surety to a new and different obligation or liability from that covered by the bond."

Another reason is thus expressed by the Maryland court in the case cited [147 Md. 565]:

"If upon an agreement so made by the lender and contractor, the surety of the bond is to be held liable for the money so advanced * * *, the contractor could, if he saw fit, obtain the money by such means to pay for each and every item for material and labor used in the road, and, at its completion, the money for all the labor and material would still be owing and the surety on the bond liable therefor, although he had no knowledge of any money being borrowed by the contractor to pay for such material and labor. This can hardly be the meaning of the language of the bond, nor could it have been the intention of the legislature in passing the act requiring the bond."

We concur in the conclusion of the learned trial court that plaintiff did not acquire the claims of the payees of the checks nor become subrogated to any rights which they may have had under the bond.

Order affirmed.