## FIRST NATIONAL BANK OF AITKIN v. CARL A. HAGQUIST AND ANOTHER.[1]

April 12, 1929.

No. 27,274.

---

[1]Reported in 225 N. W. 11.

*Louis Hallum*, for appellant.

*Watson, Johnson & Nevius* and *Alf L. Bergerud*, for respondent surety company.

WILSON, C. J.

Defendant company's demurrer to the complaint was sustained, and plaintiff appealed.

Defendant company, herein mentioned as defendant, became surety on Hagquist's bond to Tingdale Bros. Inc. conditioned for the faithful performance of a construction contract and the payment of all claims for labor and material used therein. The contract called for payments on estimates of the work done from time to time.

Hagquist, the contractor, made a written contract with plaintiff reciting the contractual relations and his necessity for money with which to carry on the work; and therein this language is used:

"It is agreed that the money from such estimates shall be paid to the second party herein [plaintiff] by Tingdale Bros. Inc., and the second party [plaintiff] agrees to and will loan and advance moneys to the first party [Hagquist] herein for the sole and express purpose of paying such labor, supply and material accounts only, * * *.

"The first party [Hagquist] hereby assigns to the second party [plaintiff] all such moneys coming from said estimates as security for the payment of such loans and advances to be used as above stated and he hereby directs and authorizes said Tingdale Bros. Inc. to make the payments to the second party [plaintiff] herein direct pursuant to the terms of this agreement."

Plaintiff, pursuant to its agreement with the contractor, did pay accounts for labor and material relative to said work to the extent

of $7,000 and received through estimates for work completed $6,000. The contractor failed. Plaintiff's loans and payments ceased. There was then an unknown amount of earned money for work which had been performed that had not been paid. Defendant took possession of the work and put a force of men to work thereon: Plaintiff seeks to recover $1,000 of its claim from defendant.

It is to be noted that the complaint does not seek to establish an equitable right to the unpaid estimates or earned money superior to the rights of defendant, the surety. The complaint does not show that defendant has in any way in relation thereto invaded plaintiff's rights. The question whether it is entitled thereto by virtue of its assignment is not presented to us by the record. There is no averment of any controversy as to such estimates, and the complaint does not disclose the disposition of such alleged unpaid estimates. The·mere fact that the unpaid earned money existed does not attach liability to defendant. The complaint does not charge defendant with having collected it; nor does it appear that plaintiff cannot have the same by asking for it. The estimates do not seem to be the gist of the action. Plaintiff has by reason of such omissions failed to bring itself within the rule discussed in Hartford A. & I. Co. v. Federal Const. Co. 168 Minn. 202, 209 N. W. 911, and cases therein cited.

Questions arising in relation to whether the right which a surety acquires by subrogation is superior to the rights of a bank acquired by actual assignment from the contractor are quite distinct from the question of a contractor's surety being liable to one who merely loans money to the contractor to be used in the work.

The complaint seems to stand and rest upon the theory that a bank which by agreement with the contractor advances money to pay for labor and material used in the work is subrogated to the rights of the laborers and materialmen whose claims are paid and is entitled to recover such advances on the contractor's bond. But we have recently held to the contrary. First Nat. Bank of Chisholm v. O'Neil and Aetna C. & S. Co. 176 Minn. 258, 223 N. W. 298. The surety is not liable for the simple reason that the terms of its bond

did not obligate it to pay claims for borrowed money. Upon this theory the complaint is insufficient. The Aetna case recognized the doctrine of the cases discussed in the Hartford case and permitted a recovery of the fund remaining unpaid but declined to impose a direct liability upon the surety under the language of its obligation. The case of Finch v. Enke (S. D.) 222 N. W. 657, is not in point.

Affirmed.