WACHOVIA BANK AND TRUST COMPANY v. J. F. MULLIGAN CONSTRUCTION COMPANY ET AL.

(Filed 27 January, 1931.)

**Principal and Surety B b—Surety is not liable to lender of money used to pay laborers when lender does not obtain assignment.**

> Money loaned a contractor building a State highway, evidenced by the contractor's note specifying that it was to be used for the payment of laborers and materialmen in the construction of the road, is not included within the terms of the statutory surety bond of the contractor, and the surety is not liable therefor although the money was actually used as agreed in the note, unless the lender obtains an assignment from the laborers and materialmen of their rights.

APPEAL by Southern Surety Company from *Harding, J.,* at March Term, 1930, of WATAUGA.

Civil action in the nature of a creditors' bill, brought under 3 C. S., 3846(v), to recover from surety on contractor's bond, moneys loaned to contractor for use in carrying on work of construction.

The Surety Company lodged a motion for judgment as of nonsuit at the close of plaintiff's evidence, which was overruled, and the case was, thereupon, tried on the following determinative issues:

"3. Did the defendant, J. F. Mulligan Construction Company, execute the note to plaintiff, dated 6 April, 1928, for $2,744.38 for money to be used for payrolls for labor performed on road project No. 7720, as alleged in the complaint? Answer: Yes (by consent).

"4. Was it stipulated in said note that said money was to be used in payment of payroll for labor on project No. 7720, as alleged in the complaint? Answer: Yes (by consent).

"5. Were the proceeds of said loan, if made, used by J. F. Mulligan Construction Company in payment for labor and material bills used or performed in the construction of project No. 7720? If so, what amount? Answer: Yes, $2,744.38.

"6. In what amount, if any, is defendant, Construction Company, indebted to the plaintiff bank? Answer: $2,744.38, with interest from 23 September, 1928.

"7. What amount, if any, is the defendant, Southern Surety Company, indebted to the plaintiff by virtue of its surety bond to J. F. Mulligan Construction Company? Answer: $2,744.38, with interest from 23 September, 1928."

Judgment on the verdict for plaintiff, from which the defendant, Southern Surety Company, appeals, assigning errors.

*John L. Rendleman and Hayden Clement for plaintiff, Wachovia Bank and Trust Company.*

*A. J. Fletcher and Ruark & Ruark for defendant, Southern Surety Company.*

STACY, C. J. On 23 September, 1927, the J. F. Mulligan Construction Company, contractor, entered into a written contract with the State Highway Commission to construct or improve a section of road in Watauga County, known as project No. 7720; and to insure compliance with the terms of said agreement, the State Highway Commission took from the contractor, as principal, and the Southern Surety Company, as surety, a bond in the sum of $43,800 conditioned, among other things, on the faithful performance of said contract, and that the contractor "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway."

On 6 April, 1928, the contractor borrowed from the plaintiff the sum of $2,744.38 for use in paying laborers for work done on, or in and about, said roadway, and executed its note therefor in which it was stipulated that said funds were to be so used, and they were actually so employed.

The case, therefore, presents the question as to whether the bond in suit is broad enough to cover moneys loaned by plaintiff to the contractor for use in paying laborers for work done on, or in and about, said roadway, when the note executed by the contractor to the plaintiff shows on its face that said funds were to be so used, and they were actually so employed. We think not. *Snelson v. Hill,* 196 N. C., 494, 146 S. E., 135; *Hardaway v. Nat. Surety Co.,* 211 U. S., 552; *United*

*States for use of Fidelity Nat. Bank v. Rundle,* 107 Fed., 227, 52 L. R. A., 505; *Nat. Surety Co. v. Jackson County Bank,* 20 Fed. (2d), 644.

It is conceded that the authorities, just cited, are in support of the position that a bank furnishing money to a contractor doing public work, for use in paying the claims of laborers and materialmen, without taking assignments of such claims, does not come within the protection of a statutory bond conditioned to pay all persons supplying the principal with labor or materials in the prosecution of his work. But plaintiff says the opinion in *Bank v. Clark,* 192 N. C., 403, 135 S. E., 123, gives decided intimation to the contrary, when the note given by the contractor shows on its face that the funds so borrowed are to be used in the prosecution of the work. We do not so understand the limiting expressions contained in said opinion, which were used solely for the purpose of excluding a dictum on the question now presented.

There was error in overruling the motion of the Southern Surety Company for judgment as of nonsuit.

Reversed.