BANK OF FRENCH BROAD v. CATAWBA CONSTRUCTION COMPANY, JOHN N. BOHANNON, CITY OF HICKORY, AND SAMUEL E. FINLEY.

(Filed 29 June, 1932.)

1. **Evidence C a—Burden is on plaintiff to establish his case.**

    The burden is on the plaintiff to offer evidence in support of all essential and material elements of its cause of action.

2. **Assignments C a—Action on assignment by third person, the assignee not being a party, held properly nonsuited in this case.**

    Where a contractor assigns all moneys to become due under his contract for certain municipal construction to a bank to secure loans made

to him, and directs that out of the funds the bank should first repay itself and then pay another bank the balance to the extent of the contractor's loans from such other bank, and the governing body of the city, upon the request of the contractor, orders the city manager to forward all checks due the contractor to the assignee bank for deposit to the credit of the contractor: *Held*, the acceptance of the assignment by the city did not constitute an unconditional promise to pay the assignee the total contract price, and upon default by the contractor and the completion of the work by another an action on the assignment by the second bank is properly nonsuited, it not appearing that the assignee bank had failed to receive an amount sufficient to repay itself and the plaintiff bank, and the assignee bank not being a party to the action.

CIVIL ACTION, before *MacRae, Special Judge,* at December Term, 1931, of CATAWBA.

On or about 6 September, 1927, the city of Hickory awarded a paving contract to the Catawba Construction Company. John N. Bohannon was the president of the company and owned a large majority of the stock. The National Surety Company executed a surety bond for the faithful performance of the contract, but neither the contract nor the bond appears in the record. On 12 October, the Catawba Construction Company made an agreement with the Wachovia Bank and Trust Company, reciting the contract, and that the Construction Company "in order to carry out said contract has applied to the party of the second part (Wachovia Bank and Trust Company) for loans to be made from time to time as said work progresses." Said agreement further provides "in order to secure the payment of said loan it is agreed that all moneys due the party of the first part (Construction Company) by the city of Hickory, upon the monthly estimates for work done and completed, shall be paid to the party of the second part, and out of the moneys so paid the party of the second part is hereby authorized and directed to first repay itself any and all moneys due it for money borrowed by the party of the first part, and then to pay to the Bank of French Broad at Marshall, North Carolina, each month the sum of $1,000 on the notes of the party of the first part executed to said Bank of French Broad until the sum of $9,500 shall be paid, with interest. After paying the money due the party of the second part on account of any loan and the $1,000 authorized to be paid to the Bank of French Broad, the balance of said fund from said estimate shall be left on deposit to the credit of the party of the first part, to be used by it as it sees fit. . . . In order to secure the said Wachovia Bank and Trust Company for any loans made or to be made the party of the first part does hereby transfer, assign and set over to the party of the second part all its right, title and interest in the money due or that may become due under said contract by the city of Hickory and hereby directs the city of Hickory to

pay any and all moneys due or to become due under said contract to said Wachovia Bank and Trust Company to be distributed as above provided."

On 15 October, 1927, the city council of the city of Hickory passed the following resolution: "Catawba Construction Company, the contractor of paving work in progress in the city, having so requested, it is . . . ordered that the city manager forward all checks on estimates due to Catawba Construction Company, to the Wachovia Bank and Trust Company, of Asheville, for deposit to the account of the Catawba Construction Company."

An attorney for the Wachovia Bank and Trust Company appeared at the meeting of the city council and notified the members of the assignment by the Construction Company to the Wachovia Bank and Trust Company. The witness testified: "I drew a resolution, in which the city of Hickory was to ratify and accept this contract, and agree to make the payments as provided therein, and, as I recall, I carried that resolution to Hickory when I appeared before the city council, and asked them to pass that resolution, and I think I left one or two copies of that resolution, they did not pass the resolution as I had it prepared, but passed the one which you have in your pleadings."

Thereafter checks issued up to 1 April, 1928, were made payable to the Catawba Construction Company but forwarded to the Wachovia Bank and Trust Company. In April, 1928, the Catawba Construction Company assigned the contract to the defendant, Samuel E. Finley. The Construction Company apparently defaulted prior to 3 May, 1928, because on that date the Construction Company acknowledged the receipt of a resolution passed by the city council, notifying said Construction Company that it had defaulted. The evidence tended to show that in April, 1928, the city of Hickory was owing for paving work a sum in excess of $60,000.

The plaintiff Bank of French Broad instituted the present action against the Catawba Construction Company and John N. Bohannon, city of Hickory and Samuel E. Finley, alleging that "the said construction program had been completed and that the defendant, city of Hickory, has, notwithstanding its knowledge of the claims and rights of this plaintiff, made full settlement with the said Samuel E. Finley, and that the said Samuel E. Finley has failed and refused, and still fails and refuses to make settlement with his codefendant, Catawba Construction Company, and John N. Bohannon, and that on 6 April, 1928, the city of Hickory wilfully, wrongfully and unlawfully ceased payment of the estimate on account of street paving contract with defendant, Construction Company, and . . . wrongfully and unlawfully refused to pay

certain moneys accruing under said contract and owing to defendant, Catawba Construction Company, . . . and wrongfully and unlawfully refused to make further remittances to the Wachovia Bank and Trust Company under and in accordance with the contract and assignment," etc.

At the conclusion of plaintiff's evidence a judgment of nonsuit was entered, from which judgment plaintiff appealed.

*Louis A. Whitener, Guy Weaver and Manly, Hendren & Womble for plaintiff.*
*Self, Bagby, Aiken & Patrick and R. H. Shuford for defendant.*

BROGDEN, J. The law imposed upon the plaintiff the burden of offering evidence to support all the essential and material elements of its cause of action. In substance the evidence tended to show that the Construction Company assigned all payments due and to become due to the Wachovia Bank and Trust Company by virtue of a written contract between the Construction Company and said bank. The Wachovia Bank and Trust Company was directed in the assignment of the contract "to first repay itself any and all moneys due it for money borrowed . . . and to pay to the Bank of French Broad each month the sum of $1,000 on the notes of the party of the first part (Construction Company) executed to said bank."

There was further evidence offered by the plaintiff that for some reason the city of Hickory declared the contract of the Construction Company in default. It was admitted in the answer that the work had been completed and paid for, but it does not appear who completed the work. There is evidence that in May, 1928, there was an amount of approximately $65,000 due somebody by the city of Hickory, and that this amount was not paid to the Wachovia Bank and Trust Company under the assignment agreement. The Wachovia Bank and Trust Company, the assignee, is not a party to the suit, and it appears that on 16 April, the Construction Company owed the Wachovia Bank and Trust Company between $21,000 and $22,000. It appears that checks issued by the city of Hickory totaling approximately $63,000, were issued for "deposit in the Wachovia Bank and Trust Company, Asheville, North Carolina, to the account of Catawba Construction Company." Whether said amounts were sufficient to pay all sums due by the Construction Company to the Wachovia Bank and Trust Company and the plaintiff during the periods when said payments were being made does not appear. Indeed, the evidence is confusing in several particulars. For instance, there is much evidence offered by the plaintiff relating to some sort of suit between the parties in the Federal Court.

In the last analysis, the case was tried upon the theory that the resolution adopted by the city council on 15 October, 1927, in which it was "ordered that the city manager forward all checks on estimates due to Catawba Construction Company to the Wachovia Bank and Trust Company of Asheville for deposit to the account of the Catawba Construction Company," imposed upon the city of Hickory the duty and obligation of paymaster to the plaintiff by virtue of the application of the principle announced in *Bank v. McCanless,* 199 N. C., 360, 154 S. E., 621. This position, however, is not sustained by that case. The acceptance of the assignment by the city of Hickory did not constitute an unconditional promise "to pay the assignee all funds coming into the hands of the contractor." See, also, *Trust Co. v. Construction Co.,* 191 N. C., 664, 132 S. E., 804; *Snelson v. Hill,* 196 N. C., 494, 146 S. E., 135; *Trust Co. v. Construction Co.,* 200 N. C., 304, 156 S. E., 491.

Affirmed.